IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JONNA ALTIER, an individual**<br>**on behalf of herself and others similarly situated,**<br>PO Box 145<br>Corning, Ohio 43730<br><br>      Plaintiff,<br><br>vs.<br><br>**A SILVER LINING LLC,**<br>c/o Kelly Tilley<br>3580 Frenchpark Drive<br>Columbus, Ohio 43231<br><br>      Defendant. | CASE NO. 2:17-cv-599<br><br>JUDGE:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Jonna Altier, by and through counsel, for her Collective Action Complaint against Defendant A Silver Lining LLC, states and alleges the following.

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b) (the "Potential Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District.

## PARTIES

5. At all times relevant, Plaintiff Jonna Altier was a citizen of the United States. She worked as a caregiver in people's homes as an employee of Defendant.

6. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant's non-exempt employees included Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

8. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the product of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS
### Non-Exempt Employees' Compensation

9. Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) are current or former employees of Defendant who were paid on an hourly basis and not paid overtime for all hours worked in excess of forty (40) in certain workweeks.

10. Plaintiff and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b) frequently worked more than forty (40) hours in a single workweek entitling them to overtime compensation under the FLSA.

11. At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

**Defendant's Failure to Properly Calculate Overtime Compensation**

12. The FLSA required Defendant to pay overtime compensation to its home healthcare workers including Plaintiff and the Potential Opt-Ins.

13. Defendant unlawfully failed to pay all overtime compensation due to its home healthcare workers including Plaintiff and the Potential Opt-Ins.

**COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

15. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer… by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

16. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All present and former home health care employees of Defendant during the period three years preceding the commencement of this action to the present who were not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

17. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for hours worked in excess of forty (40) in one workweek, and all have the same claims against Defendant for unpaid wages as well as for liquidated damages, attorneys' fees, and costs.

18. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

19. Plaintiff cannot yet state the exact number of class members but aver, upon information and belief, that the number is over 40 persons. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II § 34a.

## COUNT ONE
### (FLSA Overtime Violations)

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court as **Exhibit A**.

22. The FLSA requires that non-exempt employees be paid at a rate of one and one half times their regular rate for every hour worked in excess of 40 in a workweek.

23. Defendant failed to pay Plaintiff and the Potential Opt-Ins overtime compensation due to Plaintiff and the Potential Opt-Ins for certain workweeks. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

24. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the

FLSA. 29 U.S.C. § 216(b) entitles them to an award of unpaid overtime compensation, liquidated damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A.   Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt-in;

B.   Enter judgment against Defendant and in favor of Plaintiff and the Potential Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.   Award compensation damages to Plaintiff and the Potential Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D.   Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

NILGES DRAHER LLC

*/s/ Shannon M. Draher*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage St. NW
Suite D
Massillon, Ohio 44646
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email:   hans@ohlaborlaw.com
  sdraher@ohlaborlaw.com
  mcalhoun@ohlaborlaw.com

*Counsel for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

                                          /s/ *Shannon M. Draher*
                                          Shannon M. Draher