DocuSign Envelope ID: 51F90557-69A8-4724-9D61-15178706B1FE

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **Settlement Agreement and General Release** ("Agreement") is entered into by and between **Jonna Altier** ("Employee"), and **A Silver Lining LLC** ("Employer"). Employer and its successors, assigns, divisions, parents, subsidiaries, related or affiliated entities, and current and former officers, trustees, members, shareholders, employees, supervisors, insurers, attorneys and representatives are referred to herein collectively as the "Released Parties."

## Recitals

WHEREFORE  Employee filed a civil action against Employer in the United States District Court for the Southern District of Ohio (the "Court"), styled *Altier v. A Silver Lining LLC,* Case No. 2:17-cv-00599 (hereafter, the "Civil Action"); and

WHEREFORE  Employee and Employer (the "Parties") desire to settle all of Employee's claims alleged in the Civil Action, as well as any and all claims and disputes, known and unknown, that exist or might be claimed to exist by and between Employee and Employer, including but not limited to claims of any nature that have been, or could have been, asserted that arise out of or relate to Employee's employment, terms and conditions of employment, separation from that employment or any other event, transaction, or communication by or between Employee or Employer;

NOW THEREFORE, the Parties agree as follows:

**1.     Settlement Benefit.** In consideration of the promises made by Employee in this Agreement, Employer agrees to pay the gross sum of Fifteen Thousand Dollars ($15,000.00) (the "Settlement Benefit"), as follows:

(a) to Employee the lump sum of $4,660.00 gross as back wages, less applicable withholding and deductions, to be reported on IRS Form W-2;

(b) to Employee the lump sum of $4,660.00 as liquidated damages without deductions, to be reported on IRS form 1099; and

(c) to Employee's legal counsel, Nilges Draher, LLC, the lump sum of $5,680.00 ($5,250.00 in attorneys' fees and $430 in costs ) without deductions, to be reported on IRS Form 1099.

Employee acknowledges that Employee has sought her own counsel, has not relied on Employer for any tax advice related to the Settlement Benefit, and holds Employer harmless against any unanticipated tax consequences to Employee resulting from Employee's receipt of the Settlement Benefit as set forth herein.

**2.     Costs and Fees.** The Parties agree that the sum paid to Employee's legal counsel shall cover all attorneys' fees and costs incurred by Employee in this litigation.

DocuSign Envelope ID: 51F90557-69A8-4724-9D61-15178706B1FE

3.  **Effective Date.** Except as otherwise provided herein, the "Effective Date" of this Agreement shall be the date on which the Court approves this Agreement by way of an order as set forth in Paragraph 16, or the expiration of the revocation period set forth in Paragraph 8, whichever is later.

4.  **Dismissal and General Release by Employee.** In exchange for the consideration described in this Agreement, Employee, on behalf of Employee, Employee's agents, attorneys, heirs, administrators, executors, and assigns, and anyone acting or claiming on Employee's or their joint or several behalves, hereby waives, releases, and forever discharges Released Parties from any and all known or unknown claims, causes of action, demands, damages, costs, expenses, liabilities, or other losses whatsoever, to the full extent permitted by law, that occurred prior to the date of Employee's execution of this Agreement, including but not limited to any matter that relates to Employee's employment with any Released Party or the restructuring or termination thereof. This release includes, without limitation, any claim by Employee against the Released Parties for damages resulting from injuries, harassment, mental anguish, and emotional distress. This release also includes but is not limited to any claim of discrimination or harassment on any basis, including race, color, national origin, religion, sex, age, disability or any other status protected by law arising under any federal, state, or local statute, ordinance, order or law, including without limitation the Fair Labor Standards Act (FLSA); the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964; the Family and Medical Leave Act; the Americans with Disabilities Act; the Employee Retirement Income Security Act; all state law discrimination claims; any and all claims under federal or state statute or common law, including any contract claims, tort claims, equitable claims, wrongful or constructive discharge claims; and any other claims that in any manner arise out of Employee's employment or Employee's restructuring or termination of employment with any Released Party. Additionally, Employee certifies and warrants that Employee has not suffered any unreported workplace injury while in Employer's employ.

With respect to any rights that Employee may have or has had under the FLSA, Ohio's Minimum Fair Wage Standards Act and the Minimum Wage Amendment to Ohio's Constitution, or any of them, Employee acknowledges and avers that Employee has received all compensation to which Employee is entitled, including regular and overtime wages, and that Employer has now paid such wages to Employee, in full compliance with same.

The release set forth above will not affect (a) any claim for vested employee benefits; (b) any claim to enforce the terms of this Agreement; (c) any pending claim for workers' compensation, including without limitation BWC Case No. 17-122341; or (d) any claim that the law precludes Employee from waiving by agreement, including filing a charge with or participating in an investigation or proceeding conducted by and federal, state or local agency authorized to enforce anti-discrimination laws; however, as to (d)

DocuSign Envelope ID: 51F90557-69A8-4724-9D61-15178706B1FE

above, Employee relinquishes the right to receive damages or other personal relief from any such charge.

5. **Nondisparagement.** Employee agrees not to make any false statement or communication to any third party regarding Employer or Released Parties and not to make any statement regarding Employer or Released Parties that could be reasonably construed as malicious, disparaging, or defamatory.

6. **Nondisclosure of Agreement.** Employee agrees that Employee will keep the existence and terms of this Agreement strictly confidential and will not disclose this Agreement to anyone except: (i) to Employee's professional advisors as necessary to render professional services, provided any such advisors first agree to the terms of this confidentiality provision; (ii) to the extent required by a court order or other compulsory process; (iii) to any federal, state, or local taxing authority as necessary to comply with tax-related obligations; and (iv) as otherwise may be necessary to implement or enforce the terms of this Agreement.

7. **Review Period.** Employee acknowledges and understands that Employee has twenty-one (21) days from the date this Agreement is first presented in which to review and consider this Agreement. Employee further understands that while Employee may choose to sign this Agreement before the expiration of twenty-one (21) days, Employee is not required to do so. Employee acknowledges that no revisions to this Agreement have been so material as to require an additional 21-day period to review before signing. Employee acknowledges and understands that Employee has the right to have legal counsel review this Agreement, and Employee is advised to consult with an attorney prior to executing this Agreement.

8. **Revocability and Effective Date.** Employee may revoke and cancel this Agreement in writing at any time within seven (7) days after Employee's execution of this Agreement by providing written notice of revocation to Employer. If Employee does so revoke, this Agreement shall be null and void, and Employer shall have no obligation to perform the undertakings provided in this Agreement. This Agreement shall not become effective and enforceable until after the expiration of this seven (7) day revocation period; after such time, if there has been no revocation, the Agreement shall be fully effective and enforceable.

9. **Entire Agreement.** Employee agrees that no promises or agreements have been made to Employee except those contained in this Agreement and that this document constitutes the entire agreement and understanding between the Parties. Employer and Employee agree and acknowledge that the terms of this Agreement are contractual, and not a mere recital, and the Parties intend this Agreement to be a substituted contract, not an executory accord. Notwithstanding this provision, any prior agreements or common law duty between Employee and Employer relating to the protection of intellectual property and confidential business information, non-competition, and non-solicitation of customers, employees, and the like, remain in full force and effect.

DocuSign Envelope ID: 51F90557-69A8-4724-9D61-15178706B1FE

10. **Severability.** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the remaining portions of the Agreement shall not be affected thereby and shall be enforced in accordance with law.

11. **Controlling Law.** The validity, interpretation, construction, and performance of this Agreement shall be governed by the laws of the State of Ohio. The Parties submit to the exclusive jurisdiction of the state and federal courts located in Montgomery County, Ohio, to resolve any disputes between them, including without limitation any disputes arising under this Agreement.

12. **No Assignment of Claims.** Employee represents and warrants that Employee has not previously assigned or purported to assign or transfer to any person or entity any of the claims or causes of action herein released.

13. **Headings.** Headings are included herein solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

14. **Voluntary and Informed Consent.** Employee expressly acknowledges that Employee has had a reasonable period of time to consider this Agreement, has carefully read and understands its terms, and that Employee has signed this Agreement voluntarily of Employee's own free will, with a full understanding of its significance and intending to be bound by its terms.

15. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. For enforcement purposes, a copy of this signed Agreement shall be as valid as the original.

16. **Judicial Approval and Dismissal.** The Parties agree that following execution of this Agreement, they shall jointly file with the Court (a) the Joint Motion for Leave to File Motion to Approve Settlement Under Seal attached hereto as Exhibit A; and (b) the Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice attached hereto as Exhibit B. The effectiveness of this Agreement is contingent upon

DocuSign Envelope ID: 51F90557-69A8-4724-9D61-15178706B1FE

the Court's granting of the Parties' Joint Motion for Approval of the Settlement Agreement and Dismissal with Prejudice.

IN WITNESS WHEREOF, the Parties have executed this Confidential Separation and Release Agreement as of the date(s) indicated below.

_____     10/27/2017
**Jonna Altier**                      Date

**A Silver Lining LLC**

By: _____
                                      _____
Its _____     Date

the Court's granting of the Parties' Joint Motion for Approval of the Settlement Agreement and Dismissal with Prejudice.

IN WITNESS WHEREOF, the Parties have executed this Confidential Separation and Release Agreement as of the date(s) indicated below.

_____           _____
**Jonna Altier**                                              Date

**A Silver Lining LLC**

By: *Kelly Tilley*                                *10/30/17*

Its  *CEO*                                        Date